In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00152-CR


______________________________




JASON BRYAN BOYD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 339th Judicial District Court


Harris County, Texas


Trial Court No. 750685




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Jason Byran Boyd has filed a Notice of Appeal from his conviction for aggravated robbery. 
Sentence was imposed on November 30, 1999. On June 25, 2001, Boyd filed a Motion and Notice
of Late Appeal with the district clerk of Harris County. (1) The Notice of Appeal was not filed within
thirty days of the imposition of sentence and is therefore not timely. Tex. R. App. P. 26.2(a). 

 A late notice of appeal is considered timely and thus invokes the appellate court's jurisdiction
if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of
time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice
of appeal, and (3) the court of appeals grants the motion for extension of time. Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996). 
Further, when a notice of appeal is filed within the fifteen-day period but no timely motion for
extension of time is filed, the appellate court lacks jurisdiction. Slaton, 981 S.W.2d 208; Olivo, 918
S.W.2d 519. 

 The notice of appeal and the motion to extend time to file a notice of appeal were both filed
outside the time frame that would permit this court to assert jurisdiction over the case. 


 The appeal is dismissed for want of jurisdiction.



 Ben Z. Grant

 Justice


Date Submitted: October 16, 2001

Date Decided: October 16, 2001


Do Not Publish
1. This is an appeal transferred to this court by the Texas Supreme Court for purposes of docket
equalization.



me="6">Harris County, Texas
Trial Court No. 1003666


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


O P I N I O N

            On February 1, 2005, Kenneth Ray Titus waived a jury in trial court cause number 1003666
and pled guilty to the offense of possession of a controlled substance (cocaine), weighing more than
four but less than 200 grams, with intent to deliver. See Tex. Health & Safety Code Ann.
§ 481.112(a) (Vernon 2003). That offense is a first-degree felony. See Tex. Health & Safety
Code Ann. § 481.112(d) (Vernon 2003). Titus also waived a jury in a companion case (trial court
cause number 999864) and pled guilty to the offense of possession of a controlled substance
(cocaine), weighing more than four but less than 200 grams, with intent to deliver. See Tex. Health
& Safety Code Ann. § 481.112(a). There was no negotiated plea agreement between the parties
with respect to Titus' punishment in either case. The trial court accepted Titus' pleas and recessed
the case until May 20, 2005, so that a presentence investigation (PSI) could be conducted for both
cases. When the trial court reconvened the proceedings, the trial court considered the PSI report and
the argument of counsel regarding punishment; the trial court then adjudicated Titus' guilt in both
cases, assessing punishment at twenty-two years' imprisonment in this case and fifteen years'
imprisonment in the companion case.


 Titus timely appealed the trial court's judgments. The
appeals in both cases have been briefed together by each party; we address the companion case, Titus
v. State, cause number 06-05-00140-CR, by way of a separate opinion issued this day.
            On September 26, 2005, Titus' appellate counsel filed an Anders


 brief in which he
professionally discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal. As required by Anders, counsel also filed a motion to withdraw. 
Counsel also sent Titus a copy of the appellate brief and informed him of his right to file a response
pro se and of his right to review the record. This Court informed Titus that his response, if any, was
due by October 26, 2005.
            We have independently reviewed the record and the brief filed by counsel in this appeal, and
we agree there are no arguable issues that would support an appeal in this case. First, the written
record before us shows Titus willingly, knowingly, and voluntarily waived a jury trial and pled guilty
to the charges at issue without the benefit of a negotiated plea agreement. Next, the trial court's
written admonishments demonstrate substantial compliance with the requirements set forth by the
Legislature. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2005). Finally, the
sentence assessed in both cases was within the applicable range provided for by law.
            There is nothing in the record before us to cause us to question the validity of the proceedings
below. Accordingly, we affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          December 27, 2005
Date Decided:             December 28, 2005

Do Not Publish